UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YUSEF SA'AD,

    Plaintiff,

    v.

ALBERTO GONZALES,

    Defendant.

Case No. C06-0596RSL

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. #7) filed by defendant Alberto Gonzales, Attorney General of the United States. Plaintiff, a Correctional Officer employed by the Bureau of Prisons ("BOP") alleges that the BOP discriminated against him based on his race (African-American) and religion (Muslim), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") when he was not selected for a promotion in June 2005.

For the reasons set forth below, the Court denies defendant's motion.

## II. DISCUSSION

**A.    Background Facts.**

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 1

Plaintiff began working for the BOP in 1990. In 2003, he transferred from the Coleman, Florida facility to the Federal Detention Center ("FDC") in SeaTac, Washington. When he transferred, plaintiff was downgraded from a GS-08 position to a GS-07 because the GS-08 was a bargaining unit position. At the FDC, the only difference between the two positions is that the amount of pay for the GS-08 position is greater. Palmquist Dep. at p. 22.

Plaintiff applied for a GS-08 position in June 2005. Individuals like plaintiff who had held the position before were placed on an Exception to Promotion List and their names were automatically submitted for consideration. A promotion in that case is called a "re-promotion." Other applicants were rated and ranked, and the top candidates from among that group were placed on the Best Qualified List which was then submitted to the selecting official. The candidates on both lists competed against each other for the positions and the selecting individual was able to select candidates from either list.

Eight people were selected for the positions, but plaintiff was not. The decision was made by Warden Palmquist, who decided not to select plaintiff "because he had not worked critical posts at FDC SEATAC on a consistent basis." Declaration of Terry Venneberg, (Dkt. #10) ("Venneberg Decl."), Ex. F at p. 11. The officers bid for their assignments, and plaintiff had the seniority to get the assignments of his choice. According to defendant, he typically selected easier assignments rather than working critical posts. During his deposition, the Warden testified that critical posts included "Special Housing Unit No. 1 officer, Control Center officer No. 1, or anything on the day watch control center – there's three positions during the day watch – front lobby officer, the person in charge of the front door, rear gate, tool room, phone monitor, Visiting Room No. 1. That's pretty close. That would be – right now I cannot think of more but – corridor officers, Corridor No. 1." Palmquist Dep. at pp. 40-41. Warden Palmquist explained the importance of working critical posts: "I think if you're working in those posts then you are acquiring and/or already have leadership qualities because you are in charge or you work with junior officers to insure that specific things within the building are

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 2

accomplished in line with the safe secure operation of the institution." Id. at p. 40.

In addition to moving for summary judgment, defendant moved to dismiss for lack of subject matter jurisdiction based on plaintiff's alleged failure to exhaust his administrative remedies for claims based on incidents other than the June 2005 promotion decision. In his response, plaintiff stated that he is only pursuing a claim based on the June 2005 decision. It is undisputed that he exhausted his administrative remedies for that claim.

**B.      Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.      Analysis.**

Defendant has assumed for purposes of this motion that plaintiff has shown a *prima facie* case of discrimination. The burden therefore shifts to defendant to produce evidence that the employment action was taken for a "legitimate, non-discriminatory reason." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In this case, defendant has explained that it did not select plaintiff because he had not worked critical posts at FDC SEATAC on a consistent basis. Plaintiff concedes that this is a legitimate non-discriminatory reason. The burden therefore shifts back to plaintiff to prove that the legitimate reason proffered by defendant is in fact a pretext for unlawful discrimination. See, e.g., Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142 (2000). Where, as here, there is no direct evidence of discrimination, a plaintiff may show pretext "indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." Chuang v. Univ.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 3

of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1124 (9th Cir. 2000) (internal citation and quotation omitted).

      The issue of whether plaintiff has shown sufficient evidence of pretext to survive summary judgment is a very close call. On one hand, three African-American applicants who had worked more critical posts were promoted, and plaintiff was subsequently promoted after he worked more critical posts. Even plaintiff acknowledges that a critical post was a "position of responsibility," though he disagrees with which positions should be included on that list. Plaintiff Dep. at p. 21. The selectees all worked more critical posts than plaintiff.[1] On the other hand, plaintiff had over ten years of experience in the GS-08 position, apparently without incident. In his most recent performance evaluation, albeit written by a BOP official other than the Warden, he was given an overall rating of "excellent," one step below the highest rating. Venneberg Decl., Ex. B. The evaluator also noted, "Officer Sa'ad is a very knowledgeable Correctional Officer and is very dedicated to the entire Correctional Service Department at FDC-SeaTac. He has a bright future with the BOP and is on the right track to move to the next step in his career as a supervisor." Id. The evaluation was attached to his promotion application. Furthermore, although defendant has never strayed from its basic explanation for plaintiff's non-selection, the Warden has given inconsistent explanations of what constitutes a "critical post." Compare Palmquist Dep. at pp. 40-41, with Venneberg Decl., Ex. F (defendant's discovery responses state that "Warden Palmquist considered critical posts to be . . . ." and omitted several posts from the list he later gave during his deposition). An inconsistent explanation by the decisionmaker can constitute evidence of pretext. See, e.g., Norris v. City & County of San Francisco, 900 F.2d 1326, 1331 (9th Cir. 1990). Captain Ronald Munoz also offered a different list of such posts than the Warden. Although Captain Munoz was not

---

[1] Defendant submitted assignment logs reflecting the assignments worked by the individuals selected for promotion. Supplemental Declaration of Marion Mittet, (Dkt. #13), Exs. A-I. Because the documents were authenticated, albeit belatedly, plaintiff's request to strike the documents based on the lack of authentication is denied.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 4

involved in the promotion decisions, his differing opinion reflects the subjective and imprecise nature of the definition of a critical post.  That subjectivity is further highlighted by the lack of any written materials defining or referencing critical posts.  Although subjectivity is not in itself evidence of discrimination, "[i]t is well-established that subjective decision-making is a ready mechanism for discrimination and that courts should scrutinize it carefully."  <u>Dukes v. Wal-Mart, Inc.</u>, 474 F.3d 1214, 1231 (9th Cir. 2007) (internal citation and quotation omitted).  Also, during his deposition, the Warden could not recall any other employee who had been denied a re-promotion based on a failure to work critical posts.  Palmquist Dep. at p. 60.  Looking at this evidence in a light most favorable to plaintiff, a reasonable jury could conclude, based on these facts, that defendant's proffered reason is a pretext for discrimination.

As for plaintiff's claim of discrimination based on his religion, defendant argues that the Warden was unaware of plaintiff's religion, which if true, would defeat plaintiff's claim.  The record, however, is conspicuously devoid of any denial by the Warden of such knowledge.  Plaintiff, through his union, sought the Warden's permission to take a day off during Ramadan because his required fasting made him too weak to practice shooting firearms.  The Warden apparently denied this request.  Plaintiff's Dep. at pp. 18-19.  Plaintiff also notes that he has a Muslim name.  A jury could conclude that the Warden, who oversaw a prison population which included Muslims, had some familiarity with and ability to recognize a Muslim name.  Accordingly, defendant is not entitled to summary judgment based on the Warden's alleged lack of knowledge of plaintiff's religion.  As set forth above, at this stage, plaintiff has shown sufficient evidence of pretext to defeat summary judgment.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant's motion for summary

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 5

1  judgment (Dkt. #7).

3    DATED this 22nd day of June, 2007.

          /s/ Robert S. Lasnik
          Robert S. Lasnik
          United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 6