1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YUSEF SA'AD,

                    Plaintiff,

        v.

MICHAEL MUKASEY,

                    Defendant.

Case No.  C06-0596RSL

ORDER REGARDING
DEFENDANT'S MOTION *IN LIMINE*

This matter comes before the Court on defendant's motion *in limine* to preclude plaintiff from offering into evidence (1) testimony concerning a racial epithet allegedly uttered by Captain Bruce Conger regarding another employee and before plaintiff's non-selection for the position at issue, and (2) testimony alleging that in 2003, Captain Conger interfered with plaintiff's attempts to take administrative leave and made threatening comments to plaintiff (collectively, the "challenged testimony").  Captain Conger was plaintiff's immediate supervisor after plaintiff transferred to the FDC Seatac facility in 2003 until Captain Conger retired in 2005.

The challenged testimony is not relevant to plaintiff's case in chief, particularly because Captain Conger was not a decisionmaker regarding the promotion plaintiff sought.  Instead, that decision was made solely by Warden Palmquist.  Plaintiff argues that the comments are

ORDER REGARDING DEFENDANT'S
MOTION *IN LIMINE* - 1

admissible because Captain Conger "blocked" plaintiff's previous informal promotion application by directing him to "go through the process like everyone else." Warden Palmquist instructed Captain Conger to inform plaintiff to go through the process because at the time, there was no job announcement for the position. This comment does not evidence bias. Nor does it show that Captain Conger was a decisionmaker. Therefore, plaintiff has not shown that the challenged testimony is relevant.[1] In addition, based on the current record, it appears that any relevance is outweighed by the danger of unfair prejudice, jury confusion, and undue delay. Therefore, plaintiff will not be permitted to present the challenged testimony in his case in chief. However, if Captain Conger testifies, plaintiff's counsel may cross-examine him regarding the challenged testimony because it is relevant to whether he maintains any bias against plaintiff in particular and/or against minorities in general.

Accordingly, defendant's motion *in limine* (Dkt. #25) is GRANTED IN PART AND DENIED IN PART.[2]

DATED this 28th day of February, 2008.

Robert S. Lasnik

---

[1] For example, if Captain Conger permitted other employees to apply prior to a job announcement and then selected them for promotion, plaintiff might be permitted to introduce portions of the challenged testimony.

[2] The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER REGARDING DEFENDANT'S
MOTION *IN LIMINE* - 2

1                                                  United States District Judge